[756 NYS2d 858]

In the Matter of ROBERT H. HIRSCH (Admitted as ROBERT HOWARD HIRSCH), a Suspended Attorney, Resignor.

Second Department, March 24, 2003

#### APPEARANCES OF COUNSEL

*Richard E. Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

#### OPINION OF THE COURT

Per Curiam.

Robert H. Hirsch has submitted an affidavit dated December 12, 2002, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Hirsch was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 6, 1980, under the name Robert Howard Hirsch.

By opinion and order of this Court dated July 21, 1997, the respondent was suspended from the practice of law for three years based on 14 charges of professional misconduct, including neglect, knowingly making a false statement of law or fact, failure to cooperate, failure to communicate with a client, and breach of fiduciary responsibilities, as a result of an earlier disciplinary proceeding (*Matter of Hirsch,* 231 AD2d 358 [1997]). By decision and order on motion dated August 20, 1997, this Court extended the effective date of the respondent's suspension to October 1, 1997, with respect to specified matters.

The respondent appeared at the office of the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) on June 18, 2001, to testify regarding a complaint of professional misconduct against him. During the course of his testimony, the respondent admitted misconduct concerning, inter alia, his failure to diligently pursue a legal matter entrusted to him. The Grievance Committee supports acceptance of the respondent's resignation as in the best interests of the public.

The respondent avers that he is making his resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. He is aware of a pending investigation by the Grievance Committee into allegations of professional misconduct, including his neglect of a legal matter entrusted to him by failing to diligently pursue a bankruptcy matter and failing to seek permission to withdraw from that matter, as required by rule 2090-1 (e) of the United States Bankruptcy Court for the Southern District of New York.

The respondent acknowledges his inability to successfully defend himself on the merits against any charges predicated upon the aforesaid allegations. He is aware that the Appellate Division, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with the applicable Court rules, it is accepted, and, effective immediately,

the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., SANTUCCI, ALTMAN, FLORIO and ADAMS, JJ., concur.

Ordered that the resignation of Robert H. Hirsch is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert H. Hirsch is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert H. Hirsch shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert H. Hirsch is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.